IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN ALEXANDER POTTS, 17034-077, §<br>Petitioner/Movant, § | § § § | |
| v. | § § | 3:11-CV-0357-B-BK<br>(3:10-CR-0015-B(01)) |
| UNITED STATES OF AMERICA,<br>Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that the section 2255 motion be granted as to the first claim, that Petitioner be permitted to file an out-of-time appeal, and that the remaining section 2255 claims be dismissed without prejudice.

**I. BACKGROUND**

In 1991, while in federal custody, Petitioner was convicted in the United States District Court for the Southern District of Indiana of threatening a United States District Judge and the President of the United States, and was sentenced to 30 months' imprisonment and a 3-year term of supervised release. *United States v. Potts*, No. 1:90-CR-075 (S.D. Ind., May 2, 1991).[1]

---

[1] Petitioner was incarcerated throughout his adult life as a result of state and federal criminal convictions, including a thirty-year sentence for bank robbery in *United States v. Potts*, 3:87-CR-113-D(01) (N.D. Tex., Dallas Div., 1987). *See* Presentence Investigation Report (Doc. 110) in *United States v. Potts*, No. 3:11-CR-057-M (N.D. Tex., Dallas Div.).

Following the transfer of his supervision, Petitioner was arrested for aggravated assault with a deadly weapon, and this Court revoked his supervision and sentenced him to a new 48-month term of imprisonment. *United States v. Potts*, No. 3:10-CR-015-B (N.D. Tex. Mar. 4, 2010). No direct appeal was taken. Instead, Petitioner timely filed this section 2255 motion.

In four grounds, Petitioner alleges counsel provided ineffective assistance in failing to file a requested notice of appeal and in failing to seek a continuance of the revocation hearing. (Doc. 1 at 7.) He also asserts the Court denied his right to proceed *pro se* and failed to advise him of his right to a direct appeal. *Id.* at 7-8. After briefing was complete, the undersigned held an evidentiary hearing on Petitioner's claim that counsel failed to file a notice of appeal as Petitioner requested him to do.[2]

## II.  ANALYSIS

### Counsel's Failure to File a Notice of Appeal

In his first ground, Petitioner asserts his defense counsel rendered ineffective assistance in failing to protect his appellate rights by filing a notice of appeal as Petitioner alleges he requested counsel to do.

---

[2] Although prisoners do not have a constitutional right to counsel in section 2255 cases, the Court appointed Franklyn Mickelsen to represent Petitioner at the evidentiary hearing as required by Rule 8(c), of the Rules Governing Section 2255 proceedings. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (an indigent petitioner is entitled to counsel at a section 2255 evidentiary hearing). Counsel, however, moved to withdraw because Petitioner "wanted to conduct his own litigation and did not believe he needed the assistance of counsel." (Doc. 17 at 1.) Before commencing the evidentiary hearing, the undersigned held an *in camera* hearing and questioned Petitioner regarding his reasons for not wanting the assistance of court appointed counsel. Petitioner informed the Court that he wished to present his own case. After fully admonishing Petitioner regarding the pitfalls and responsibilities of self-representation, and ensuring that his decision to do so was knowing and voluntary, the undersigned granted Petitioner's request and appointed Mr. Mickelsen as standby counsel. *See Faretta v. California,* 422 U.S. 806, 807 (1975); *see also Henry v. Marshall*, 2010 WL 2179896, 1 n.1 (E.D. Cal. 2010) (applying *Faretta* to motion to proceed *pro se* at evidentiary hearing on section 2255 motion).

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Supreme Court analyzed under *Strickland*'s two prong test a claim involving an attorney's failure to file an appeal. First, the Court reaffirmed the well-settled rule that a "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (*citing Rodriquez v. United States,* 395 U.S. 327, 330 (1969)). A "defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," which is "a purely ministerial task." *Id.* By "instructing counsel to perfect an appeal, [the defendant] objectively indicate[s] his intent to appeal and . . . [thus, when counsel fails to file the requested notice, is] entitled to a new appeal without any further showing." *Id.* at 485 (citing *Rodriquez*, 395 U.S. at 330).

Second, the Court held that, even if the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, counsel has a constitutional duty to consult with the defendant about an appeal. *Flores-Ortega,* 528 U.S. at 480. Such a duty arises "when there is

reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*  As defined by the Supreme Court, the term "consult" conveys a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.  "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. at 480.  To establish *Strickland* prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.  The petitioner need not show that an appeal would be successful or even state the grounds on which he would have appealed. *Id.* at 486.  This standard applies even in cases where a defendant has waived the right to appeal or collateral review. *See United States v. Tapp,* 491 F.3d 263, 266 (5th Cir. 2007).

Summary of Evidentiary Hearing Testimony

At the evidentiary hearing held on April 4, 2012, the Court heard testimony from Petitioner and Mr. Perez, Petitioner's former counsel.  Mr. Perez testified that on March 4, 2010, immediately preceding the revocation hearing, he discussed with Petitioner various legal issues (jurisdictional and sentence-stacking) that Petitioner wanted counsel to raise at the revocation hearing and on appeal.  After sharing the results of his research, Mr. Perez advised Petitioner that the issues were meritless and that they did not present a viable basis for appeal.  According to Perez, Petitioner did not dispute counsel's assessment and did not request him to appeal.  However, during the revocation hearing, apparently due to Petitioner's continued dissatisfaction

with counsel's position on the issues, Mr. Perez informed District Judge Jane Boyle that Petitioner wished to raise a jurisdictional challenge to the revocation proceedings. *See* Revocation Hrg. Tr. at 60-61, Doc. 16 in No. 3:10-CR-015-B. Because he did not feel that he could present the argument in good faith, Mr. Perez requested the Court to permit Petitioner to personally raise the claim. *Id.* Judge Boyle declined to permit hybrid representation, and Mr. Perez decided not to press the issue further. *Id.*

Mr. Perez testified that Petitioner was very familiar with the legal system and his right to appeal, but that Petitioner did not request him to appeal the revocation case either following sentencing or, later that afternoon, at the initial appearance for Petitioner's pending bank robbery case.[3] Mr. Perez further testified that Petitioner did not inquire about appealing the revocation case during the ensuing four-month period, when Mr. Perez continued to represent Petitioner in the bank robbery case. Mr. Perez averred that even if Petitioner had requested him to appeal, he had a good reason not to do so since the issues Petitioner wanted to assert were meritless. However, Mr. Perez did not recall ever consulting with Petitioner about appealing following sentencing in the revocation case.

Petitioner testified, in narrative form, that he repeatedly asked defense counsel about the jurisdictional and sentence-stacking issues, but that counsel refused to present either issue to the Court during the revocation hearing. According to Petitioner, Mr. Perez also filed no pleadings

---

[3] In early 2010, Petitioner was indicted on new bank robbery charges in this Court and the United States District Court for the Western District of Texas. *See United States v. Potts*, 3:10–CR-069- (W.D. Tex., Waco Div.); *United States v. Potts*, 3:10–CR-057-M (N.D. Tex., Dallas Div.). Mark Perez was appointed as defense counsel in both the revocation and the Dallas bank robbery cases. In July 2010, however, the court permitted Petitioner to proceed *pro se* with standby counsel, and Mr. Perez was permitted to withdraw. Subsequently, a jury convicted Petitioner of both the Dallas and the Waco bank robbery cases and he was sentenced to 780 and 300 months imprisonment respectively.

in his revocation case.  Nevertheless, during the revocation hearing, Petitioner again confronted counsel about the issues he wanted raised, and Mr. Perez approached Judge Boyle about permitting Petitioner to present the claims *pro se*, which Judge Boyle denied.

Regarding appealing, Petitioner testified that he twice requested Mr. Perez to appeal – immediately following sentencing in the revocation case, while still in the courtroom, and about three weeks later during a court appearance in the bank robbery case.  In response to the latter, Petitioner testified that Mr. Perez advised him that a notice of appeal had been filed, and that he would be hearing from the court of appeals, which Petitioner never did.  Ultimately, on June 30, 2010, during a *Faretta* hearing in the bank robbery case, Petitioner informed District Judge Barbara Lynn that he had requested Mr. Perez to appeal the revocation case and that Perez had failed to do so.  *See* Motion Proceeding Tr. at 8, Doc. 133 in No. 3:10-CR-157-M.

Discussion

The Court resolves any doubt in Petitioner's favor and finds by a preponderance of the evidence that Mr. Perez failed to file a notice of appeal as requested by Petitioner.  The transcripts of the revocation hearing before Judge Boyle and the subsequent motion hearing before Judge Lynn support Petitioner's testimony that he was dissatisfied with counsel's failure to pursue the jurisdictional/sentence-stacking issues that he had requested counsel present to the District Court and preserve for appeal.  Based on this evidence, Petitioner's testimony that he asked Mr. Perez to file a notice of appeal is likewise plausible.  As indicated previously, refusing instructions from a defendant to file an appeal constitutes constitutionally ineffective assistance of counsel.  *Flores-Ortega,* 528 U.S. at 484 ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant

has made out a successful ineffective assistance of counsel claim entitling him to an appeal").[4]

Notwithstanding the foregoing, the Court finds Mr. Perez rendered constitutionally ineffective assistance in failing to consult with Petitioner about appealing following sentencing in the revocation case. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think that . . . [the] defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Here, before and during the revocation hearing, Petitioner made it abundantly clear to counsel that he wished to raise jurisdictional and sentence stacking issues and was, thus, dissatisfied with the outcome of his case. In light of these circumstances, under *Flores-Ortega*, Mr. Perez had a duty to consult with the Petitioner, that is, to explore the advantages and disadvantages of appealing, and make an honest effort to determine his client's wishes. *Id.* at 487-88. At the evidentiary hearing, Mr. Perez conceded that, following the revocation hearing, he did not consult with Petitioner about appealing. The fact that Mr. Perez believed the issues raised by Petitioner were meritless, and that, consequently, he had a good reason for not appealing, did not obviate his duty to consult with Petitioner. *See Thompson v. United States*, 504 F.3d 1203, 1207 (5th Cir. 2007) ("Simply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense."). Therefore, because of counsel's failure to consult with Petitioner about appealing, his performance fell below an objective standard of reasonableness. *See Rivas v.*

---

[4] In his section 2255 motion (Doc. 1 at 8), Petitioner correctly notes the District Court did not advise him of the right to appeal following the revocation of his supervised release and the imposition of new sentence. *See* Revocation Hrg. Tr. at 64-65, Doc. 16 in No. 3:10-CR-015-B; FED. R. CRIM. P. 32(j)(1)(B) ("after sentencing--regardless of the defendant's plea--the court must advise the defendant of any right to appeal the sentence"). A Rule 32 violation, however, does not entitle a petitioner to collateral relief unless he can show prejudice as a result of the court's failure to inform him of the right to appeal. *Peguero v. United States*, 526 U.S. 23, 27 (1999). Here, as in *Peguero*, the record reflects Petitioner had independent knowledge of his right to appeal and, therefore, was not prejudiced. *Id.* at 29-30.

*United States*, 450 Fed.Appx. 420, 426-27 (5th Cir. 2011) (unpublished *per curiam*) (counsel's failure to file notice of appeal fell below objective standard of reasonableness in light of counsel's prior knowledge of defendant's desire to challenge his sentence).

The Court next addresses whether counsel's deficient performance prejudiced Petitioner. In light of the testimony at the evidentiary hearing, the Court has little trouble concluding that, if Mr. Perez had properly consulted with Petitioner about appealing, Petitioner would have expressed his desire to appeal to counsel. Thus, counsel's deficient performance clearly deprived Petitioner of an appeal that he otherwise would have taken. *Flores-Ortega*, 528 U.S. at 484.

Accordingly, Petitioner is entitled to file an out-of-time appeal. *See United States v. West*, 240 F.3d 456, 459-60 (5th Cir. 2001) (when an attorney renders constitutionally ineffective assistance of counsel in failing to preserve appellate rights, the defendant is entitled to an out-of-time appeal). Petitioner's section 2255 motion should be dismissed without prejudice, and the underlying criminal judgment should be re-entered to trigger anew the period for Petitioner to file his notice of appeal. *Id.* at 460 (when granting an out-of-time appeal, the criminal judgment must be re-entered/reinstated to trigger the running of a new appeal period).

**B.**     **Remaining Claims (Grounds 2-4)**

It is unnecessary for the Court to address Petitioner's remaining grounds until after the resolution of his direct appeal. *See Welsh v. United States,* 404 F.2d 333, 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F.2d 327, 334 (5th Cir.1988) ("motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); *Rivas*, 450 Fed. Appx. at 429-430 (declining to address remaining claims in section 2255 motion in

light of order granting out-of-time appeal). Therefore, Petitioner's remaining claims should be dismissed without prejudice.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's section 2255 motion be **GRANTED IN PART**, insofar as he claims his attorney rendered constitutionally ineffective assistance of counsel in failing to file a requested notice of appeal and, alternatively, failing to consult with Petitioner about appealing the revocation of his term of supervised release and the resulting sentence. It is further recommended that the remaining claims raised in Petitioner's section 2255 motion be **DISMISSED** without prejudice. Finally, it is recommended that the judgment revoking Petitioner's supervised release in the underlying criminal action, No. 3:10-CR-0015-B, be **RE-ENTERED** on the docket of this Court, so that Petitioner may proceed with an out-of-time appeal. If the Court accepts this recommendation, the U.S. District Clerk should be directed to file a notice of appeal on Petitioner's behalf in No. 3:10-CR-0015-B (no later than 14 days after the re-entry of his criminal judgment, *see* FED. R.APP. P. 4(b) (1)(A)), and the Court should appoint an attorney from the CJA panel to represent Petitioner on appeal (Petitioner previously qualified for the appointment of counsel in the revocation case).

SIGNED May 10, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE